JOURNAL ENTRY AND OPINION
Frank Gray appeals from a judgment of the common pleas court denying his motion for reconsideration. Gray raises five assignments of error for our review, none of which relates to the denial of his motion for reconsideration. Therefore, based on the App.R. 4(A), we are constrained to dismiss this appeal.
The record before us reveals that, on May 1, 1996, the grand jury indicted Gray for murder of Frank Glista; the indictment contained an aggravated felony specification. As part of a subsequent agreement, Gray pled guilty to an amended charge of involuntary manslaughter, and the court sentenced him to a prison term of nine to twenty-five years on March 25, 1997.
On June 23, 1998, Gray's counsel moved the trial court to resentence defendant according to Senate Bill 2. The court denied this motion on September 1, 1998.
On January 4, 2000, Gray's counsel filed a motion for judicial release. The trial court denied this motion on April 26, 2000. Gray did not file a direct appeal from his conviction or sentence, the order denying his motion to be resentenced according to Senate Bill 2, or the order denying his motion for judicial release, and has never moved for a delayed appeal under App.R. 5(A).
Instead, on June 13, 2000, Gray filed a pro se motion for reconsideration of his motion for judicial release. The court denied this motion on July 27, 2000. Gray filed a notice of appeal from that order on August 22, 2000, and now presents the following five assignments of error for our review:
 I. THIS APPELLANT WAS PREJUDICED BY THE TRIAL COURT AS A DIRECT RESULT OF THE CUYAHOGA COUNTY PROSECUTION PROVIDING FALSE AND MISLEADING INFORMATION TO THE GRAND JURY AS WELL AS THE TRIAL COURT.
 II. THIS APPELLANT WAS PREJUDICED BY THE TRIAL COURT AS A DIRECT RESULT OF THIS APPELLANT BEING DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL.
 III. THIS APPELLANT WAS PREJUDICED BY THE TRIAL COURT AS A DIRECT RESULT OF THE TRIAL COURT DENYING HIS MOTION FOR A MODIFICATION OF SENTENCE ACCORDING TO S.B. 2.
 IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF THIS APPELLANT IN THE DETERMINATION OF THIS APPELLANT'S SENTENCE.
 V. THE TRIAL COURT ERRED TO THE PREJUDICE OF THIS APPELLANT IN THE DENIAL OF HIS MOTION FOR JUDICIAL RELEASE WITHOUT A HEARING.
These assignments of error seek review of alleged errors relating to: (1) his conviction and sentence, which the court journalized on March 25, 1997; (2) the order denying his motion to be sentenced according to Senate Bill 2, dated September 1, 1998; and (3) the order denying his motion for judicial release, dated April 26, 2000.
Gray, however, filed his notice of appeal on August 22, 2000, from the order of July 27, 2000, denying his motion for reconsideration. This court has consistently rejected this type of bootstrapping, and has stated:
 Accordingly, appellant is utilizing the instant appeal to improperly seek review of alleged errors which occurred on June 6, 1994 rather than utilizing the appeal to seek review of errors which occurred on January 30, 1995. This type of "bootstrapping" to wit., the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. See, Appellate Rules 3(D), 4(A), 5 and 16(A)(3).
 App.R. 3(D) provides in relevant part that "[t]he notice of appeal shall . . . designate the judgment, order or part thereof appealed from. . . ." As discussed supra, appellant has noticed the court's January 30, 1995 order. However, he anomalously appeals the court's June 6, 1994 order.3 Also, any errors dealing with the competency of counsel should have been raised by direct appeal within thirty days of the entry of appellant's plea, to wit., within 30 days of the court's June 6, 1994 judgment entry. See, App.R. 4(A). See, also, App.R. 5.
State v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590, unreported. See, also, State v. Terrell (Jan. 13, 2000), Cuyahoga App. No. 76637, unreported.
Based on the foregoing, we have concluded that, through this appeal, Gray improperly seeks review of errors alleged to have occurred on March 25, 1997, September 1, 1998, and April 26, 2000, from which no appeal has been taken. As we have previously indicated, such review is improper. Accordingly, we dismiss his appeal.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ JUDGE TERRENCE O'DONNELL
PATRICIA A. BLACKMON, P. J. and ANNE L. KILBANE, J. CONCUR.